08002-00452-LBB
**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**
BY:  Lawrence B. Berg, Esquire-NJ Attorney ID #:022091987
15000 Midlantic Drive ◙ Suite 200
P.O. Box 5429
Mt. Laurel, NJ 08054
☎856-414-6000        🖷856-414-6077
📧 lbberg@mdwcg.com
Attorney for Defendant(s), Voorhees NJ Endoscopy ASC, LLC (incorrectly identified as The Endocenter at Voorhees)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JEANETTE & JOSE CORDERO | : | |
| Plaintiffs, | : | CIVIL ACTION NO. 1:18-CV-09761-JHR-AMD |
| | : | |
| Vs. | | |
| | : | |
| SOUTH JERSEY GASTROENTEROLOGY & THE ENDOCENTER AT VOORHEES | : | CONSENT ORDER |
| Defendants. | : | |

     1.      This Civil Action having been brought by the Plaintiffs, Jeanette Cordero and Jose Cordero, who are being represented by Clara R. Smit, Esq. with all claims being made pursuant to Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§12101 et seq., Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended at 29 U.S.C. §794, and the New Jersey Law Against Discrimination ("LAD") (hereinafter collectively referred to as the "Acts").

     2.      Plaintiffs have alleged that they are individuals with a "disability" as defined at 28 C.F.R. §36.104, within the meaning of the ADA, 42 U.S.C. §12102; and §36.303(c)(1)(i); and that

Defendant Voorhees NJ Endoscopy ASC, LLC (with Plaintiffs and Defendant being jointly referred to as the "Parties") is a "place of public accommodation", as defined in Title III of the ADA, 42 U.S.C. §12181(7) and 28 C.F.R. §36.104; and that it failed to provide appropriate auxiliary aids and services to them, which allegation is denied by Defendant.

3. The Parties have determined that the non-monetary claims alleged in the above-styled lawsuits can be resolved without further costly and protracted litigation.

4. The Parties have agreed that Voorhees NJ Endoscopy ASC, LLC is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7) and 28 C.F.R. §36.104.

5. This Consent Order shall not be deemed to constitute any admission of fact or liability by any party, and there have been no findings of any liability against Voorhees NJ Endoscopy ASC, LLC. This Consent Order serves to resolve all issues raised in the Complaint of the Plaintiffs and any amendments thereto related to the provision of appropriate auxiliary aids and services under the ADA and Section 504, and all claims of discrimination under the LAD as set forth in Plaintiffs' Complaint.

6. This Consent Order does not expand upon the requirements set forth by the ADA, the Rehabilitation Act, and the LAD on Voorhees NJ Endoscopy ASC, LLC . Rather, this Consent Order serves to recognize the continuing obligation of Voorhees NJ Endoscopy ASC, LLC to abide by the requirements set forth in the above-referenced Acts as applicable, and to identify methods of implementation upon which to conform to the requirements in the Acts. Nothing contained herein shall relieve Voorhees NJ Endoscopy ASC, LLC of any obligations otherwise imposed by law. In addition, this Consent Order does not serve as a mechanism for preventing Voorhees NJ Endoscopy ASC, LLC from acting in accordance with any exceptions contained within the Acts.

7. The following definitions shall govern the terms and provisions of this Order:

A. The term "Patient" means any individual who is deaf or hard-of-hearing and has a "disability" within the meaning of the ADA, 42 U.S.C. §12102 and 28 C.F.R. §36.104, and is seeking or receiving health care services from Voorhees NJ Endoscopy ASC, LLC, whether as an in-patient or an outpatient.

B. The term "Companion" shall, consistent with 28 C.F.R. §36.303(c)(1)(i), mean a person who is deaf or hard of hearing and has a "disability" within the meaning of the ADA, 42 U.S.C. §12102 and 28 C.F.R. §36.104, and is a family member, friend, associate, or designated support person of an individual seeking access to, or participating in, the goods, services, facilities, privileges, advantages, or accommodations of Voorhees NJ Endoscopy ASC, LLC and who, along with such individual, is an appropriate person with whom Voorhees NJ Endoscopy ASC, LLC should communicate.

C. The term "Auxiliary Aids and Services" shall, consistent with 28 C.F.R. §36.303(c)(1)(ii), include qualified interpreters on-site or through video remote interpreting ("VRI") services, including but not limited to Stratus Video; note takers; real-time computer-aided transcription services; written materials; exchange of written notes; telephone handset amplifiers; assistive listening devices; assistive listening systems; telephones compatible with hearing aids; closed caption decoders; open and closed captioning, including real-time captioning; voice, text, and video-based telecommunications products and systems, including text telephones (TTYs), videophones, and captioned telephones, or equally effective telecommunications devices; videotext displays; accessible electronic and information technology; or other effective methods of making aurally delivered information available to individuals who are deaf or hard of hearing.

D. The term "Qualified Interpreter" shall, consistent with 28 C.F.R. §36.104, mean an interpreter who, *via* a VRI service or an on-site appearance, is able to interpret effectively, accurately, and impartially, both receptively and expressively, using any necessary specialized vocabulary.

8. Voorhees NJ Endoscopy ASC, LLC shall make all reasonable efforts to comply with the protocol set forth herein for providing Auxiliary Aids or Services for effective communication at Voorhees NJ Endoscopy ASC, LLC with Patients and/or Companions who are deaf or hard-of-hearing.

9. Within one-hundred and twenty (120) days of the entry of this Consent Order, Voorhees NJ Endoscopy ASC, LLC shall post signs of conspicuous size and print giving notice of the availability of Auxiliary Aids and Services to Patients and/or Companions. These signs should be posted in locations in areas within which are capable of being seen by the public, including Voorhees NJ Endoscopy ASC, LLC reception area. (A copy of a form of the Notice to be posted is attached and incorporated into this Consent Order as Exhibit A).

10. Voorhees NJ Endoscopy ASC, LLC will request that all referring physician practices, at the time of patient registration or when an appointment for outpatient services with the referring physician practice is made, the referring practice will consult with the patient or patient's companion (if present at the time of registration and/or scheduling of out-patient services), and document his or her communication needs as set forth in a Request for Services by Deaf and Hard of Hearing Persons Form a copy of which is attached and incorporated into this Consent Order as Exhibit B. This documentation will then be provided by the referring physician practice to Voorhees NJ Endoscopy ASC, LLC in advance of the outpatient services.

11. Voorhees NJ Endoscopy ASC, LLC shall provide Patients and/or Companions with the full and equal enjoyment of the services, privileges, facilities, advantages, and accommodations of Voorhees NJ Endoscopy ASC, LLC as required by this Consent Order and the Acts.

12. Voorhees NJ Endoscopy ASC, LLC C will provide to Patients and/or Companions appropriate Auxiliary Aids and Services that are reasonably necessary for effective communication. Appropriate Auxiliary Aids and Services will be provided as soon as practicable without compromising patient care.

13. Upon Voorhees NJ Endoscopy ASC, LLC being advised or determining that an Auxiliary Aid or Service is necessary for effective communication with a Patient and/or Companion, Voorhees NJ Endoscopy ASC, LLC will inform the Patient and/or Companion of the current status of efforts being taken to provide an Auxiliary Aid or Service on his or her behalf. Voorhees NJ Endoscopy ASC, LLC will provide additional updates to the Patient or Companion as necessary. Voorhees NJ Endoscopy ASC, LLC will also consult with the Patient and/or Companion and determine which, if any, alternate Auxiliary Aid or Service is acceptable to use on an interim basis.

14. Consistent with 28 C.F.R. §36.303(c)(1)(ii), the determination of appropriate Auxiliary Aids or Services, and the timing, duration, and frequency with which they will be utilized to provide for effective communication, will be made by Voorhees NJ Endoscopy ASC, LLC, in consultation with the Patient and/or Companion when practicable. The assessment made by Voorhees NJ Endoscopy ASC, LLC will take into account all relevant facts and circumstances, including, for example, the individual's communication skills and knowledge, the nature, length, and complexity of the communication involved, the individual's preference for either a live or

Case 1:18-cv-09761-JHR-AMD   Document 50   Filed 05/11/21   Page 6 of 16 PageID: 107

video interpreter and the reasons why, and the context in which the communication is taking place. The ultimate decision as to what Auxiliary Aids or Services are appropriate rests with Voorhees NJ Endoscopy ASC, LLC.

15. Voorhees NJ Endoscopy ASC, LLC will take appropriate steps to ensure that all appropriate personnel are made aware of a Patient and/or Companion's hearing disability and the Auxiliary Aid and Services needed so that effective communication with each such person will be achieved, including documenting this information in the Patient's medical record.

16. Video remote interpreting ("VRI") services, such as, but not limited to, Stratus Video, can provide immediate, effective access to a Qualified Interpreter in a variety of situations including, but not limited to, emergencies and unplanned incidents. When using a VRI service, Voorhees NJ Endoscopy ASC, LLC shall ensure that it provides:

(a) Real-time, full-motion video and audio over a dedicated high-speed, wide-bandwidth video connection or wireless connection that delivers high quality video images that do not produce lags, choppy, blurry, or grainy images, or irregular pauses in communication;

(b) A sharply delineated image that is large enough to display the interpreter's face, arms, hands, and fingers, and the participating individual's face, arms, hands, and fingers, regardless of his or her body position;

(c) A clear, audible transmission of voices; and

(d) Adequate training to appropriate personnel so that they may quickly and efficiently set up and operate the VRI.

17. VRI shall not be used when it is not effective due, for example, to the following:

6

    (a) a Patient or Companion's limited ability to see the video screen, move his or her head, hands or arms; or a Patient's or Companion's vision, pain or cognitive issues that make the use of VRI ineffective;

    (b) where the information exchanged is highly complex;

    (c) the Patient or Companion may be in an area where there is not a designated high speed Internet line; or

    (d) there are space restrictions in the room where the patient will be treated; or

    (e) where the staff has attempted to make the VRI operational for a period of 45 minutes but is unable to do so.

  If the VRI is not effective for any reason, including but not limited to those situations above, Voorhees NJ Endoscopy ASC, LLC shall contact and arrange for an onsite Qualified Interpreter to ensure effective communication for the Patient or Companion.

  18. If the VRI is deemed appropriate and effective and is being used, Voorhees NJ Endoscopy ASC, LLC shall ask the Patient or Companion whether the VRI is meeting his or her communication needs and make a record of his or her response. In the event that the Patient or Companion cannot communicate effectively using VRI, Voorhees NJ Endoscopy ASC, LLC shall contact and arrange, to the extent possible and available, for an onsite Qualified Interpreter. Voorhees NJ Endoscopy ASC, LLC will also periodically inform the Patient or Companion of the status of those efforts and document the steps taken to obtain another auxiliary aid or service.

  19. In any emergency situation in which the seriousness of the Patient's medical condition or the best interests of the Patient precludes waiting for the arrival or utilization of a Qualified Interpreter before beginning the assessment and treatment of a patient, Voorhees NJ Endoscopy ASC, LLC may use whatever means necessary to communicate with the patient,

including but not necessarily limited to, written notes, charts, diagrams, non-verbal gestures, lip reading and sign language or oral interpretation by staff employees or others including, but not limited to relatives and friends of the patient, who have such skills, until such times as a Qualified Interpreter can be utilized.

20. All appropriate Auxiliary Aids and Services required by this Agreement will be provided free of charge to the Patient and/or Companion.

21. Within ninety (90) days of the entry of this Consent Order, Voorhees NJ Endoscopy ASC, LLC will designate an ADA Administrator or ADA Co-Administrators, and at least one such employee will be available during all hours of Voorhees NJ Endoscopy ASC, LLC's operation, to answer questions and provide appropriate assistance regarding immediate access to, and proper use of, the appropriate Auxiliary Aids and Services. The ADA Administrator or ADA Co-Administrators will know where the appropriate Auxiliary Aids are stored and how to operate them.

22. Within one-hundred and eighty (180) days of the entry of this Consent Order, Voorhees NJ Endoscopy ASC, LLC shall provide appropriate training to appropriate personnel to ensure their familiarity with and understanding of the requirements of this Consent Order, as well as the requirements of the Acts.

23. Within one-hundred and twenty (120) days of the entry of this Consent Order, Voorhees NJ Endoscopy ASC, LLC shall incorporate the protocol in this Consent Order into a written policy, which policy shall be distributed in accordance with Voorhees NJ Endoscopy ASC, LLC's procedure.

24. Any alleged violation of this Consent Order shall not be deemed a *per se* violation of the above-referenced Acts. Further, the Parties recognize and agree that technological

innovations and advancements may in the future make certain of the provisions herein, particularly with respect to appropriate auxiliary aids and services, outdated; and they therefore agree that this Consent Order shall remain in full force and effect for a period of two (2) years from the date of its execution; but that the Parties, at the initiative of Plaintiff's counsel, shall, at (or before) that time, jointly consider, in good faith, the extension, or modification, or updating of this Consent Order.

Consented to as to form and substance:

By: /s/ Lawrence Berg
    LAWRENCE BERG
Marshall, Dennehey, Warner, Coleman & Goggin
Attorneys for Defendant Voorhees NJ Endoscopy ASC, LLC

By:/s/Clara R. Smit
    CLARA R. SMIT
Attorney for Plaintiffs Jose Cordero and Jeanette Cordero

So Ordered, this 11th day of May, 2021.

_____
Hon. Joseph H. Rodriguez,
United States District Judge

LEGAL/134158567.v1

# Exhibit A

 

# Notice to
# Deaf & Hard of Hearing
# Patients and Family Members and Partners

---

You have the right to a sign language interpreter if one is required for you to effectively communicate with the Center's staff.

If you are deaf or hard of hearing and require a sign language interpreter and/or sign language interpreting service to communicate, please let us know.



Exhibit B

_____
**Patient Addressograph**

### REQUEST FOR DEAF AND HARD OF HEARING PERSONS

**Voorhees NJ Endoscopy ASC, LLC is committed to providing quality care to all members of our community. In order to assure that the services which are provided to you are not compromised by ineffective communication, Voorhees NJ Endoscopy ASC, LLC has resources for obtaining sign language interpreters when necessary at no cost to you. Video Phones for the Deaf (VP) and amplified telephones are also available at no cost to you.**

1. Will a sign language interpreter help us communicate effectively with you?

    YES_____        NO_____

    If you check "YES", we will get, a sign language interpreter and/or sign language interpreting service to be at or available at the Ambulatory Surgery Center unless you fill out the waiver form on the back of this paper.

2. Do you want any of these services which are also available at no cost?

    A Video Phone for the Deaf            YES____NO____

    An Amplified Telephone Receiver       YES_____NO___

    Television Captioning                 YES____   NO_____

    Other (please explain):
    _____
    _____
    _____

3. Patient declined present accommodations offered. See reverse side of this form for release.

Witness Name: _____
                                            Printed

                                          _____
                                          Signature

                                          Witness Date

_____
Patient's Signature/Date

A copy of Voorhees NJ Endoscopy ASC, LLC's written policy for <u>Effective Communications</u> Administration Policy and Procedure is available without any charge upon request.
Please check here if you want a copy of this policy _____.

_____
Patient Addressograph

**REFUSAL OF VOORHEES NJ ENDOSCOPY ASC, LLC INTERPRETER SERVICES**

**(COMPLETE THIS SIDE ONLY IF YOU CHECKED "YES" TO QUESTION 1 ON THE REVERSE SIDE BUT <u>DO NOT</u> WANT VOORHEES NJ ENDOSCOPY ASC, LLC TO PROVIDE A SIGN LANGUAGE INTERPRETER)**

I, _____, understand that I have a right to be provided a free qualified sign language interpreter by Voorhees NJ Endoscopy ASC, LLC to communicate with Voorhees NJ Endoscopy ASC, LLC employees.

However, **I DO NOT WANT A FREE QUALIFIED SIGN LANGUAGE INTERPRETER** to be provided to me by Voorhees NJ Endoscopy ASC, LLC because (mark the reason below):

A.   I prefer to communicate using _____

   I prefer to lip read and speak for myself for ***brief*** communications.  _____

   I prefer to lip read and speak for myself for ***all*** communications.  _____

   I prefer written notes for ***brief*** non-medical related communications.  _____

**OR**

B.   I prefer to coordinate/arrange for my own sign language interpreter provided by me at my own expense.

   Services shall be provided by:

   **NAME:**   _____
   **ADDRESS:** _____
   **PHONE:**  _____ **who is my**_____.

I understand that at any time I can change my mind about this request by executing a **Request for Deaf and Hard of Hearing Persons** form.

**DATED:**   _____   _____
            **SIGNATURE**
**DATED:**   _____   _____
            **WITNESS**

A copy of the Voorhees NJ Endoscopy ASC, LLC's written policy for **Effective Communications** Administrative Policy and Procedure is available without any charge upon request.
Please check here if you want a copy of this policy _____.